**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

COREY TAYLOR,

      Plaintiff,

      v.

ASHLEY DISTRIBUTION SERVICES, LTD, ASHLEY DISTRIBUTION SERVICES HOLDINGS, INC., ASHLEY FURNITURE INDUSTRUIES, LLC, ADAM WITZENS, ACE AMERICAN INSURANCE COMPANY and JOHN DOES 1-3,

      Defendants.

Civil Action No.

_____

[On Removal From the State Court of Gwinnett County, Georgia, Civil Action No. 22-C-03037-S6]

## NOTICE OF REMOVAL TO FEDERAL COURT

COME NOW Defendants Ashley Distribution Services, Ltd. ("ADS"), Ashley Distribution Services Holdings, Inc. ("ADSH"), Ashley Furniture Industries, LLC ("AFI"), Adam Witzens ("Witzens"), and ACE American Insurance Company ("ACE") (collectively, "Defendants") and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal to Federal Court, showing that they have complied with the procedures for removal and setting forth a short and plain statement that removal in this case is proper, pursuant to 28 U.S.C. §§1332, 1441, and 1446.

-1-

1.

The jurisdictional basis for this removal is 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants, and (b) the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2.

ADS, ADS Holdings, AFI, Witzens, and ACE are Defendants in a civil action brought in the State Court of Gwinnett County, Georgia currently styled Corey Taylor v. Ashley Distribution Services, Ltd., Ashley Distribution Services Holdings, Inc., Ashley Furniture Industries, LLC, Adam Witzens, ACE American Insurance Company and John Does 1-3, Civil Action File No. 22-C-03037-S6 (hereinafter "the Action"), that was filed on or about June 1, 2022.  Defendants ADS, ADS Holding, and AFI were purported to have been served on June 3, 2022; ACE was purported to have been served on June 6, 2022; and Witzens was purported to have been served on June 8, 2022.

3.

Copies of all process, pleadings, and orders served in the Action are attached hereto as Ex. A, including a copy of any Answer that was filed in the Action.

4.

This lawsuit arises out of a motor vehicle accident that occurred on June 19, 2020 on Flat Shoals Road in Gwinnett County, Georgia (Complaint, ¶ 9). Plaintiff claims Defendant Witzen made an improper lane change and struck the vehicle Plaintiff was driving. (Complaint, ¶ 10). The Complaint asserts claims for negligence, negligence per se, and negligent hiring/supervision/training/retention. (Complaint, ¶¶ 11, 17, 21). The Complaint also asserts a claim for punitive damages and asserts that ACE is subject to suit pursuant to Georgia's direct action statute. (Complaint, ¶¶ 27, 30).

5.

The controversy between Plaintiff and Defendants is one between citizens of different states:  (a)  Plaintiff is a citizen of Georgia;  (b)  Defendants ADS and ADSH are Wisconsin corporations with their principal places of business located in Wisconsin;  (c)  Defendant AFI is a Wisconsin limited liability company with its principal places of business located in Wisconsin. The sole member of AFI is Ashley Holdings, Inc., a Wisconsin corporation with its principal place of business located in Wisconsin;  (d)  Defendant Witzens is a citizen of Tennessee; and  (e)

Defendant ACE is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.[1]

6.

In addition, Plaintiff seeks to recover general and special damages against Defendants for a sum in excess of $75,000. While no specific dollar amount is prayed for in the Complaint, Plaintiff claims he has incurred medical expenses in excess of $53,268.55 for alleged permanent injuries and claims he will continued to incur medical expenses in the future. (Complaint, ¶¶ 10, 25). Plaintiff seeks damages against Defendants for, among other things, past, present, and future pain and suffering, past and future medical expenses, lost wages, and, as noted above, also seeks an award of punitive damages. (Complaint, ¶ 28).

7.

Accordingly, the amount in controversy exceeds $75,000 exclusive of interest and costs. Pursuant to Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 770 (11th Cir. 2010), which allows the District Court to "draw on its judicial experience and common sense" in determining if a Complaint makes a plausible claim that satisfies the amount-in-controversy requirement, Defendants

---

[1] Defendants contend that ADSH and AFI are improper parties and that the correct legal entity is Defendant ADS. Nonetheless, none of the currently named Ashley entities are citizens of Georgia for purposes of diversity jurisdiction.

respectfully assert that the claimed injuries and damages of Plaintiff satisfies the amount-in-controversy requirement.  See also 28 U.S.C. § 1446(c)(2).[2]

8.

This Notice is timely filed pursuant to 28 U.S.C. § 1446(b) and FED. R. CIV. P. 6(a).

9.

There is diversity of citizenship between Plaintiff and Defendants, who are not citizens of the State of Georgia.  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Accordingly, the United States District Court for the Northern District of Georgia has original jurisdiction over the Action and removal to this Court is proper under 28 U.S.C. § 1441(a).

10.

This Notice of Removal to Federal Court is properly filed in the United States District Court for the Northern District of Georgia, Atlanta Division, because it is the district and division embracing the place where the Action is pending.  28 U.S.C. § 1441(A).   Written notice of the Notice of Removal to

---

[2] In addition, a pre-suit settlement demand made on behalf of Plaintiff was in excess of $75,000.

Federal Court is being filed with the Clerk of the State Court of Gwinnett County and served as required by 28 U.S.C. § 1446(d).

WHEREFORE, having shown that this case is properly removable, Defendants give notice pursuant to 28 U.S.C. § 1446(a) that the Action pending in the State Court of Gwinnett County, Georgia, Civil Action No. 22-C-03037-S6 is removed to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully request that this Court exercise jurisdiction over this case.

Respectfully submitted this 1st day of July, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, NE     */s/ William H. Major III*
Suite 4000     William H. Major, III
Atlanta, GA  30303     Georgia Bar No. 466750
Phone: 404.614.7400     David H. Wilson
Fax: 404.614.7500     Georgia Bar No. 767774
    *Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE and**</u>

<u>**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C**</u>

This is to certify that I have this day, served counsel for all parties in this action with a copy of the foregoing NOTICE OF REMOVAL TO FEDERAL COURT by depositing in the United States Mail, a copy of same in an envelope with adequate postage thereon, addressed as follows:

Jeffrey N. Mykkeltvedt, Esq.
Darrell T. Carver, Esq.
Mykkeltvedt & Loftin, LLC
5229 Roswell Road, NE
Atlanta, GA 30342

I further certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

This 1st day of July, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, NE
Suite 4000
Atlanta, GA  30303
Phone: 404.614.7400
Fax: 855.889.4588

*/s/ David H. Wilson*
William H. Major III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
*Attorneys for Defendants*