# EXHIBIT A

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of **Gwinnett State Court** County

| For Clerk Use Only | | 22-C-03037-S6 |
|---|---|---|
| Date Filed _____ | | Case Number _____ |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**
Taylor, Corey

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Witzens, Adam

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Does 1-3, John | | | | |
| Ace American Insurance Company | | | | |
| Ashley Furniture Industries LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Jeffrey N Mykkeltvedt      **State Bar Number** 533510      **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____      **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLEF

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

COREY TAYLOR,                                )
                                             )
        Plaintiff,                           )
                                             )        CIVIL ACTION        22-C-03037-S6
        v.                                   )        FILE NO.: _____
                                             )
                                             )        **JURY TRIAL DEMANDED**
ASHLEY DISTRIBUTION SERVICES, LTD, )
ASHLEY DISTRIBUTION SERVICES       )
HOLDINGS, INC., ASHLEY FURNITURE   )
INDUSTRIES, LLC, ADAM WITZENS,     )
ACE AMERICAN INSURANCE COMPANY )
and JOHN DOES 1-3,                 )
                                             )
        Defendants.                          )

## COMPLAINT

COMES NOW Plaintiff in the above-styled action and hereby files his Complaint as follows:

1.

Defendant Ashley Distribution Services, LTD (hereinafter referred to as "Defendant(s)" or "ADSL") is a foreign corporation subject to the jurisdiction of this Court and may be served through its registered agent, Corporation Service Company, 8040 Excelsior Drive, Ste. 400, Madison, WI 53717.  Defendant is subject to the jurisdiction and venue of this Court pursuant to Georgia's Non-Resident Motorist Act (O.C.G.A.  §9-10-93) and/or Georgia's Long-Arm Statute (O.C.G.A. § 40-12-3) thus jurisdiction and venue are proper in this Court.  This Defendant may also be served by serving Dawn Richardson at The Financial Integrity Group, 410 E. Taylor Street, Suite G, Griffin, Georgia 30223. Jurisdiction and venue are proper.  This Defendant has been properly served with process in this action.

2.

Defendant Ashley Distribution Services Holdings, Inc. (hereinafter referred to as "Defendant(s)" or "ADSH") is a foreign corporation subject to the jurisdiction of this Court and may be served through its registered agent, Corporation Service Company, 8040 Excelsior Drive, Ste. 400, Madison, WI 53717. This Defendant is subject to the jurisdiction and venue of this Court pursuant to Georgia's Non-Resident Motorist Act (O.C.G.A. §9-10-93) and/or Georgia's Long-Arm Statute (O.C.G.A. § 40-12-3) thus jurisdiction and venue are proper in this Court. s Defendant may also be served by serving Dawn Richardson at The Financial Integrity Group, 410 E. Taylor Street, Suite G, Griffin, Georgia 30223. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

3.

Defendant Ashley Furniture Industries, LLC (hereinafter referred to as "Defendant(s)" or "AFI") is a foreign corporation subject to the jurisdiction of this Court and may be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. This Defendant may also be served by serving Dawn Richardson at The Financial Integrity Group, 410 E. Taylor Street, Suite G, Griffin, Georgia 30223. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

4.

Defendant Adam Witzens (hereinafter referred to as "Defendant(s)" or "Witzens") is a Tennessee resident and may be served at his residence located at 730 E. End Drive, Savannah, TN 38372. Defendant is subject to the jurisdiction and venue of this Court pursuant to Georgia's Non-Resident Motorist Act (O.C.G.A. §9-10-93) and/or Georgia's Long-Arm Statute (O.C.G.A.

§ 40-12-3) thus jurisdiction and venue are proper in this Court.  Jurisdiction and venue are proper.  This Defendant has been properly served with process in this action.

5.

At the time of the subject collision, Defendant Ace American Insurance Company (hereinafter referred to as "Defendant(s)" or "ACE") provided a policy of liability insurance on behalf of Defendants ADSL, ADSH, and/or AFI, a common carrier for hire, the same being policy of insurance number ISA H25289407.  Said policy was in effect on June 19, 2020.  Defendant Ace American Insurance Company is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112.  Service may be made upon Defendant's registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046.  Jurisdiction and venue are proper.  This Defendant has been properly served with process in this action.

6.

At all times material hereto, the Defendant John Doe 1-3 is believed to be a resident of the State of Georgia, whose whereabouts are currently unknown, is subject to the jurisdiction and venue of this Court. Defendant John Doe will be named and served with Summons and Complaint once its identity is revealed.

7.

On June 19, 2020, Defendant Witzens was an employee and agent acting within the course and scope of his employment at all times for Defendants ADSL, ADSH and/or AFI.

8.

All Defendants are jointly and severally liable and Defendants ADSL, ADSH and/or AFI are liable for the actions of Defendant Witzens under theories of *respondeat superior*, vicarious liability, and agency principles.

- 3 -

9.

On June 19, 2020, Plaintiff Corey Taylor was operating his vehicle and traveling east in the right most lane on Flat Shoals Road in Conyers (Rockdale County), Georgia.  At or about that same time, Defendant Witzens was operating Defendant ADSL, ADSH and/or AFI's tractor-trailer traveling east in the left turning lane on Flat Shoals Road in Conyers, Georgia. As Plaintiff Corey Taylor made a right turn into the entrance of Sherwood Forest, Defendant Witzens made an improper right turn and traveled across all lanes from the left turning lane in an attempt to turn right at the entrance of Sherwood Forest. Defendant Witzens failed to maintain his lane and caused a collision with Plaintiff's vehicle.

10.

The collision occurred when Defendant Witzens, suddenly and without warning, made an improper lane change into Plaintiff's travel lane, colliding with Plaintiff's vehicle.  As a result of Defendant Witzens' negligence, Plaintiff suffered serious and permanent personal injuries and damages.

11.

Defendant Witzens' negligence includes, but is not limited to, one or more of the following: negligently changing lanes in violation of O.C.G.A. § 40-6-123, negligently failing to maintain his lane, negligently colliding with Plaintiff's vehicle, negligently failing to keep a proper lookout, negligently failing to maintain his vehicle under proper control, negligently failing to signal a lane change, negligently failing to sound his horn and/or provide a warning and any other acts of negligence that may be proven at trial.

12.

Defendant Witzens failed to operate Defendant ADSL, ADSH and/or AFI's tractor trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

13.

Defendant Witzens' actions constituted negligence in operating his vehicle contrary to the reasonable and safe conditions and circumstances then existing.

14.

Defendant Witzens' actions constituted negligence by engaging in a driving manner that was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

15.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

16.

At the time of the subject incident, Defendant Witzens was acting at the direction and under the control of Defendants ADSL, ADSH and/or AFI, was an agent and employee of Defendants ADSL, ADSH and/or AFI operating the subject tractor-trailer in the course and scope of his employment with Defendants ADSL, ADSH and/or AFI, and with Defendant ADSL, ADSH and/or AFI's permission.

17.

Defendants ADSL, ADSH AND/OR AFI negligently hired, supervised, trained and retained Defendant Witzens and negligently entrusted motor vehicle operation responsibilities to

Defendant Witzens.  Defendants ADSL, ADSH AND/OR AFI negligently failed to implement and utilize proper procedures to evaluate Defendant Witzens' skills and expertise for the operation of said motor vehicle.

18.

Because Defendant Witzens had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants ADSL, ADSH AND/OR AFI are liable for the negligent supervision, hiring, training, and retention of its management, agents and employees and the entrustment of said motor vehicle to said management, agents and employees.

19.

Defendants ADSL, ADSH AND/OR AFI were negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

20.

Defendants failed to adhere to pertinent aspects of federal and/or state motor vehicle laws and regulations.

21.

Defendants were and are negligent *per se*.

22.

Defendants are liable for all other acts of negligence as may be shown at trial.

23.

Plaintiff sustained injuries and damages that were directly and proximately caused by the negligence of the Defendants.

- 6 -

24.

But for the negligence of Defendants, Plaintiff Corey Taylor would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, and other injuries as proven at the trial of this matter.

25.

As a result of Defendants' negligence and the injuries sustained in the collision, Plaintiff has incurred reasonable, necessary, and continuing medical expenses, currently in excess of $53,268.55, and will continue to incur expenses in the future, in an amount to be proven at trial.

26.

As a result of Defendants' negligence, Plaintiff has incurred lost wages and diminished capacity to labor, in an amount to be proven at trial.

27.

Defendants' actions herein showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care that would raise the presumption of a conscious indifference to the consequences and entitles Plaintiffs to an appropriate award of punitive damages.

28.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law.  Plaintiff seeks all compensatory, special, economic, consequential, general, punitive and all other damages permissible under Georgia Law, including, but not limited to:

    a)  Personal injuries;

    b)  Past, present and future pain and suffering;

- 7 -

c) Disability;

d) Mental anguish;

e) Loss of the capacity for the enjoyment of life;

f) Incidental expenses;

g) Past, present and future medical expenses;

h) Lost wages and a diminished capacity to labor;

i) Permanent injuries;

j) Punitive damages; and

k) Consequential damages to be proven at trial

29.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff. Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

30.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Ace American Insurance Company is liable to Plaintiff and responsible for payment of damages incurred by the Plaintiff as a result of the negligent acts of Defendant Witzens. Defendant Ace American Insurance Company is subject to a direct action as the insurer of Defendants ADSL, ADSH and/or AFI and Witzens pursuant to O.C.G.A. § 40-1-112.

WHEREFORE, Plaintiff prays for a judgment to be awarded to him and against the Defendants for the following:

a)      For medical and doctor expenses in an amount to be proven through the evidence at the time of trial for the past, present and future;

b)      For lost wages and loss of earning capacity in an amount for the past, present and future which will be proven at the time of trial through the evidence;

c)      For pain and suffering, both for the past, present and future on behalf of Plaintiff;

d)      For all general, special, compensatory, incidental, economic, punitive, consequential and all other permissible damages and expenses associated with the Plaintiff's injuries and damages in an amount which will be proven at the time of trial;

e)      That a jury be impaneled to resolve all factual disputes; and

f)      For all further losses and recovery as deemed proper by the Court.

**TRIAL BY JURY IS HEREBY DEMANDED**.

Respectfully submitted,

**MYKKELTVEDT & LOFTIN, LLC**

/s/ *Jeffrey N. Mykkeltvedt*
Jeffrey N. Mykkeltvedt
Georgia Bar No. 533510
Darrell T. Carver
Georgia Bar No. 115506
Attorney for Plaintiff

**MYKKELTVEDT & LOFTIN, LLC**
5229 Roswell Road, N.E.
Atlanta, Georgia 30342
Office: (404) 228-1550
Facsimile: (404) 228-5568
Email:  jeff@ml-llc.com
         darrell@ml-llc.com

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLEF

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Corey Taylor**

_____

_____

                                    PLAINTIFF

                 VS.

**Ashley Distribution Services, LTD**

**c/o Reg. Agent Corp Service Company**

**8040 Excelsior Dr, Suite 400, Madison, WI 53717**

                                    DEFENDANT

22-C-03037-S6

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mykkeltvedt & Loftin LLC
5229 Roswell Road NE
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

1st day of June, 2022

                                    **Tiana P. Garner**
                                    **Clerk of State Court**

                                    By_____
                                            **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Corey Taylor**

_____

_____

_____

PLAINTIFF

VS.

**Ashley Distribution Services LTD**

c/o Dawn Richardson, The Financial Integrity Group

410 E. Taylor Street, Suite G, Griffin, GA 30223

DEFENDANT

22-C-03037-S6

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mykkeltvedt & Loftin LLC
5229 Roswell Road NE
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

1st day of June, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# Corey Taylor

_____

_____

_____

PLAINTIFF

22-C-03037-S6

CIVIL ACTION
NUMBER:_____

VS.

**Ashley Distribution Services Holdings, Inc.**

c/o Dawn Richardson, The Financial Integrity Group

410 E. Taylor Street, Suite G, Griffin, GA 30223

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mykkeltvedt & Loftin LLC
5229 Roswell Road NE
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

1st day of June, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLEF

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Corey Taylor**

_____

_____

_____

PLAINTIFF

VS.

**Ashley Distribution Services Holdings, Inc.**

**c/o Reg. Agent Corp Service Company**

**8040 Excelsior Dr, Suite 400, Madison, WI 53717**

DEFENDANT

CIVIL ACTION
NUMBER:_____

22-C-03037-S6

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mykkeltvedt & Loftin LLC
5229 Roswell Road NE
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

1st day of June, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Corey Taylor**

_____

_____

PLAINTIFF

22-C-03037-S6

CIVIL ACTION
NUMBER:_____

VS.

**Ashley Furniture Industries LLC**

**c/o Reg. Agent, Corporation Service Co.**

**2 Sun Court, Suite 400, Peachtree Corners, GA 30092**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mykkeltvedt & Loftin LLC
5229 Roswell Road NE
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

1st day of June, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

## Corey Taylor

22-C-03037-S6

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

## Ashley Furniture Industries LLC

c/o Dawn Richardson, The Financial Integrity Group

410 E. Taylor Street, Suite G, Griffin, GA 30223

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mykkeltvedt & Loftin LLC
5229 Roswell Road NE
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____ ,  20_____ .

1st day of June, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
22-C-03037-S
6/1/2022 10:53 A
TIANA P. GARNER, CLEF

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Corey Taylor**

PLAINTIFF

22-C-03037-S6

CIVIL ACTION
NUMBER:_____

VS.

**Adam Witzens**

**730 E. End Drive**

**Savannah,TN 38372**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mykkeltvedt & Loftin LLC
5229 Roswell Road NE
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,  20_____.

1st day of June, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

CLERK OF STATE COUF
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLEF

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Corey Taylor**

22-C-03037-S6

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

**Ace American Insurance Company**

**c/o CT Corporation System**

**289 S. Culver St., Lawrenceville, GA 30046**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mykkeltvedt & Loftin LLC
5229 Roswell Road NE
Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
1st day of June, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
22-C-03037-S
6/13/2022 1:14 P
TIANA P. GARNER, CLER

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 22-C-03037-S6

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed _____

Georgia, Gwinnett _____ COUNTY

Attorney's Address

Mykkeltvedt & Loftin LLC

5229 Roswell Rd NE

Atlanta, GA 30342

Name and Address of Party to Served

Ashley Distribution Services LTD

c/o Dawn Richardson, the Financial Integrity Group

410 E. Taylor St, Suite G, Griffin, GA 30223

Corey Taylor

_____
Plaintiff

VS.

**Ashley Distribution Services, LTD, Ashley Distribution Services Holdings, Inc., Ashley Furniture Industries, LLC, Adam Witzens, ACE American Insurance Company, and John Does 1-3** Defendant

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant ~~Dawn Richardson~~ ASHLEY DISTRIBUTION SERVICES LTD a corporation
☐ by leaving a copy of the within action and summons with DAWN RICHARDSON
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 3RD day of JUN , 20 22 .

DEPUTY

_G. Mathews_ 305

**CLERK'S COPY**

RECEIVED

JUN 02 2022

Spalding County
Civil Division

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-03037-S

6/13/2022 1:14 P
TIANA P. GARNER, CLERK

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 22-C-03037-S6

| | Superior Court ☐ | Magistrate Court ☐ |
|---|---|---|
| | State Court ☒ | Probate Court ☐ |
| | Juvenile Court ☐ | |

Date Filed _____

Georgia, _Gwinnett_____ COUNTY

Corey Taylor

Attorney's Address

_Mykkeltvedt & Loftin LLC_

_5229 Roswell Rd NE_

_Atlanta, GA 30342_

Name and Address of Party to Served

_Ashley Distribution Services Holdings, Inc._

c/o Dawn Richardson, the Financial Integrity Group

_410 E. Taylor St, Suite G, Griffin, GA 30223_

Plaintiff

VS.

**Ashley Distribution Services, LTD, Ashley Distribution Services Holdings, Inc., Ashley Furniture Industries, LLC, Adam Witzens, ACE American Insurance Company, and John Does 1-3**          Defendant

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
☐ copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _ASHLEY DISTRIBUTION SERVICES HOLDINGS INC_ a corporation
☑ by leaving a copy of the within action and summons with _DAWN RICHARDSON_
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _3RD_ day of _JUN_, 20_22_

DEPUTY

_G. Matthews_ 305

**CLERK'S COPY**

RECEIVED

JUN 0 2 2022

Spalding County
Civil Division

CLERK OF STATE COUR[T]
GWINNETT COUNTY, GEORG[IA]
22-C-03037-S[?]
6/13/2022 1:14 P[M]
TIANA P. GARNER, CLER[K]

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. 22-C-03037-S6

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed _____

Georgia, Gwinnett _____ COUNTY

Attorney's Address

Mykkeltvedt & Loftin LLC

5229 Roswell Rd NE

Atlanta, GA 30342

Name and Address of Party to Served

Ashley Furniture Industries, LLC

c/o Dawn Richardson, the Financial Integrity Group

410 E. Taylor St, Suite G, Griffin, GA 30223

Corey Taylor
_____

_____
Plaintiff

VS.

**Ashley Distribution Services, LTD, Ashley
Distribution Services Holdings, Inc., Ashley
Furniture Industries, LLC, Adam Witzens,
ACE American Insurance Company, and
John Does 1-3** Defendant

_____

_____
Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant *Ashley Furniture Industries, LLC* a corporation
by leaving a copy of the within action and summons with *Dawn Richardson*
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This *3RD* day of *Jun* , 20 *22*

DEPUTY

*G. Matthews* 30 †

CLERK'S COPY

RECEIVED

JUN 02 2022

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 22-C-03037-S6

Date Filed _____

Attorney's Address

Mykkeltvedt & Loftin LLC

5229 Roswell Rd NE

Atlanta, GA 30342

Name and Address of Party to Served

Ashley Furniture Industries, LLC

c/o Reg Agent, Corporation Service Co.

2 Sun Court, Ste 400, Peachtree Corners, GA  30092

Superior Court ☐          Magistrate Court ☐
State Court ☒             Probate Court ☐
Juvenile Court ☐

Georgia, Gwinnett          COUNTY

Corey Taylor

Plaintiff

VS.

Ashley Distribution Services, LTD, Ashley Distribution Services Holdings, Inc., Ashley Furniture Industries, LLC, Adam Witzens, ACE American Insurance Company, and John Does 1-3

Defendant

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant  Ashley Furniture Industries, LLC.  a corporation
by leaving a copy of the within action and summons with  Alisha Smith
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This  6  day of  June  , 20 22

Sgt. Collins 0500

DEPUTY

CLERK'S COPY

# Gwinnett County Sheriff's Office

## Cover Sheet

**Sheriff #:**     22016658

**Person Served:**     ASHLEY FURNITURE INDUSTRIES LLC
2 SUN COURT, SUITE 400
C/O REG AGENT - CORPORATION SERVICE CO
PEACHTREE CORNERS GA 30092
PHONE:

**Process Information:**

| | | | |
|---|---|---|---|
| Date Received: | 06/03/2022 | | |
| Assigned Zone: | 2 Sun Court | Court Case #: | 22-C-03037-S6 |
| Expiration Date: | | Hearing Date: | |
| Paper Types: | Summons COMPLAINT | | |
| Notes/Alerts: | | | |

**Notes:**

_____

_____

_____

_____

_____

_____

_____

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03037-S6**
**6/16/2022 6:22 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

COREY TAYLOR,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
                                                 )    CIVIL ACTION
        v.                                       )    FILE NO : 22-C-03037-S6
                                                 )
                                                 )
ASHLEY DISTRIBUTION SERVICES. LTD., )
ASHLEY DISTRIBUTION SERVICES            )
HOLDINGS, INC., ASHLEY FURNITURE        )
INDUSTRIES, LLC, ADAM WITZENS,          )
ACE AMERICAN INSURANCE COMPANY )
and JOHN DOES 1-3,                      )
                                                 )
        Defendants.                              )

## AFFIDAVIT OF SERVICE

Comes now, Mark Roberts, who, after being duly sworn, states that he is over 18 years of age, a Citizen of the United States, and not related to the parties herein. The statements made in the affidavit are true and correct and are based upon my personal knowledge.

I personally served **SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS: PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT ADAM WITZENS; and PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS ASHLEY DISTRIBUTION SERVICES. LTD., ASHLEY DISTRIBUTION HOLDINGS, INC., and ASHLEY FURNITURE INDUSTRIES LLC** in the above styled matter upon ADAM WITZENS by handing to Adam Witzens on June 8, 2022, _____ a.m./p.m., at the address of 730 E. END DRIVE, SAVANNAH, TN 38372.

                                                    Mark Roberts

Sworn to and subscribed before me this

15th day of June, 2022.


Notary

State Of Tennessee Notary Public — Shannon Clayton — County of Madison

My Commission Expires February 26, 2025

Print Form

SHERIFF'S ENTRY OF SERVICE

|  | Superior Court ☐ | Magistrate Court ☐ |
|---|---|---|
| Civil Action No. 22-C-03037-S6 | State Court ☒ | Probate Court ☐ |
|  | Juvenile Court ☐ | |

Date Filed _____

Georgia, Gwinnett _____ COUNTY

Corey Taylor _____

Attorney's Address

Mykkeltvedt & Loftin LLC

5229 Roswell Rd NE

Atlanta, GA 30342

_____ Plaintiff

VS.

Name and Address of Party to Served

ACE American Insurance Company c/o

Reg Agent, CT Corporation System

289 S. Culver Street, Lawrenceville, GA 30046

**Ashley Distribution Services, LTD, Ashley Distribution Services Holdings, Inc., Ashley Furniture Industries, LLC, Adam Witzens, ACE American Insurance Company, and John Does 1-3** Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

RECEIVED 2022 JUN 13 AM 11:03 CIVIL GCC DIV

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** _Ace American Insurance Company_ a corporation
Served the defendant
☒ by leaving a copy of the within action and summons with _Jane Richardson_
In charge of the office and place of doing business of said Corporation in this County.

TIANA P. GARRETT 2022 JUN 13 CLERK STATE COURT

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door or the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant
☐ not to be found in the jurisdiction of this Court.

This _6_ day of _June_, 20_22_

_W. Coberly S9332_

DEPUTY

CLERK'S COPY

# Gwinnett County Sheriff's Office

## Cover Sheet



**Sheriff #:**        22016658

**Person Served:**    ACE AMERICAN INSURANCE CO
                      289 SOUTH CULVER STREET
                      LAWRENCEVILLE GA 30046
                      PHONE:

**Process Information:**

**Date Received:**    06/03/2022

**Assigned Zone:**    289 S. Culver                    **Court Case #:**    22-C-03037-S6

**Expiration Date:**                                   **Hearing Date:**

**Paper Types:**      Summons COMPLAINT

**Notes/Alerts:**

**Notes:**

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COREY TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION    22-C-03037-S6 |
| v. | ) FILE NO.: _____ |
| | ) |
| | ) |
| ASHLEY DISTRIBUTION SERVICES, LTD, | ) |
| ASHLEY DISTRIBUTION SERVICES | ) |
| HOLDINGS, INC., ASHLEY FURNITURE | ) |
| INDUSTRIES, LLC, ADAM WITZENS, | ) |
| ACE AMERICAN INSURANCE COMPANY | ) |
| and JOHN DOES 1-3, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS**

TO:    EACH DEFENDANT
Pursuant to O.C.G.A. § 9-11-36 you are hereby required to Answer, in the form provided

by law, the following Requests for Admission:

1.

That you have been correctly named in the present cause insofar as the legal designation

of names is concerned.

2.

That you have been properly served as a party defendant.

3.

That process is sufficient with regard to you in this case.

4.

That service of process is sufficient with regard to you in this case.

5.

That Gwinnett County State Court has jurisdiction over the subject matter of this case.

6.

That Gwinnett County State Court has personal jurisdiction over you as a party defendant in this case.

7.

That venue is proper in Gwinnett County State Court.

8.

That Plaintiff states a claim upon which relief can be granted.

9.

That Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

That at the time of the collision on June 19, 2020, Defendant Adam Witzens ("Witzens") was an employee and agent acting within the course and scope of his employment for Defendant Ashley Distribution Services, Ltd, ("ADSL"), Ashley Distribution Services Holdings, Inc. ("ADSH"), and/or Ashley Furniture Industries, LLC ("AFI").

11.

That on June 19, 2020, Plaintiff Corey Taylor was operating a motor vehicle and traveling east on Flat Shoals Road in the outermost right lane at the entrance of Sherwood Forest in Conyers (Rockdale County), Georgia.

12.

That on June 19, 2020, Defendant Witzens was operating Defendant ADSL, ADSH and/or AFI's tractor-trailer in the left turning lane while traveling east on Flat Shoals Road, in Conyers, Georgia.

13.

That on June 19, 2020, Defendant Witzens who was traveling in the left turn lane on Flat Shoals Road, crossed over all lanes and into Plaintiff Corey Taylor's lane of travel in an attempt to enter the entrance of Sherwood Forest and as a result, Defendant Witzens caused a collision with Plaintiff Corey Taylor's vehicle.

14.

At the time of the subject collision, Defendant Ace American Insurance Company provided a policy of liability insurance on behalf of Defendants ADSL, ADSH and/or AFI, common carriers for hire, the same being policy of insurance number ISA H25289407.

15.

That policy ISA H25289407 referenced above was in effect and provided coverage for this collision on June 19, 2020.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

**MYKKELTVEDT & LOFTIN, LLC**


*/s/ Jeffrey N. Mykkeltvedt*
Jeffrey N. Mykkeltvedt
Georgia Bar No. 533510
Darrell T. Carver
Georgia Bar No. 115506
Attorneys for Plaintiff

**MYKKELTVEDT & LOFTIN, LLC**
5229 Roswell Road, N.E.
Atlanta, Georgia 30342
Office: (404) 228-1550
Facsimile: (404) 228-5568
Email:  jeff@ml-llc.com
          darrell@ml-llc.com

CLERK OF STATE COUF
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLEF

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| COREY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION   22-C-03037-S6 |
| v. | ) | FILE NO.: _____ |
| | ) | |
| | ) | |
| ASHLEY DISTRIBUTION SERVICES, LTD, | ) | |
| ASHLEY DISTRIBUTION SERVICES | ) | |
| HOLDINGS, INC., ASHLEY FURNITURE | ) | |
| INDUSTRIES, LLC, ADAM WITZENS, | ) | |
| ACE AMERICAN INSURANCE COMPANY | ) | |
| and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
## TO DEFENDANT ADAM WITZENS

TO:   DEFENDANT ADAM WITZENS

Plaintiff hereby requests pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, that Defendant

respond to the following written interrogatories under oath within the time permitted by law.

Each of the following interrogatories shall be deemed continuing and must be supplemented by

Defendant to the extent required by O.C.G.A. § 9-11-26(e).

### DEFINITIONS AND INSTRUCTIONS

A.  These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A.

§ 9-11-26, *et seq.*, so as to require Defendant(s) to serve upon all parties supplemental answers if

Defendant(s) or its attorneys obtain further information between the time the answers are served

and the time of trial.

B.  "Document" whether singular or plural, means documents and other tangible things

defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies, including copies of

documents, videotapes, computer data, and sound material.

C.   "Person" means any natural person, corporation, partnership, association,

governmental entity, agency, group, organization, etc.

## INTERROGATORIES

1.

Please identify the persons or entities who in any way owned the vehicle driven by you as

referred to in the Complaint at the time of the incident involving Plaintiff.  If the ownership

changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction

or venue over Defendant(s), that there has been an insufficiency of process of service of

Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the

Defendant(s).

3.

Please state the name and address of any potential party to this lawsuit, not already a

party, and state your claims and reasons for same.

4.

Detail each and every arrangement or agreement between you and Ashley Distribution

Services, Ltd (hereinafter "ADSL"), Ashley Distribution Services Holdings ("ADSH"), Ashley

Furniture Industries, LLC ("AFI") or any other individual or entity, under which you were

performing services at the time of the subject incident, including whether you were in the course

and scope of your employment with ADSL, ADSH, and/or AFI, and whether you were driving with the permission and/or agency of ADSL, ADSH and/or AFI.

5.

Identify each and every individual or entity under whose authority, direction or control you were operating the subject vehicle at the time of the subject incident.

6.

Please state your full name, and any other name(s), nickname(s), or aliases, if any, which you have ever used or by which you have ever been known, the date and place of your birth and your Social Security number.

7.

Please list your present residence address and all other addresses at which you have resided in the past ten (10) years and dates of each residency.

8.

If you have ever been arrested for, pled guilty to, pled *nolo contendere* to or have been found guilty of any crime, please state the nature of said crime, the date, county and state in which you were tried and entered your plea and the sentence given to you.

9.

If in the twenty-four hours immediately preceding the occurrence complained of, you consumed any alcoholic drink, smoked marijuana or had taken any drugs, pain killer, tranquilizer, stimulant, sleeping pill or other form of medication or intoxicant, whether legal or otherwise, please state the amount and the time and place where each such substance was consumed.

- 3 -

10.

If you have ever been a party to any civil action (other than this civil action), please list the basis thereof, the date and title of each such civil action, the court in which it was brought and the civil action file number.

11.

If you have ever been involved in a vehicular incident, either with another automobile, motorcycle, or a pedestrian, either before or after the incident complained of in Plaintiff's Complaint, please state the date and the location of same, the name of the parties involved and whether any persons were injured in such incident.

12.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

13.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend Plaintiff violated with respect to the incident giving rise to this lawsuit.

14.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit

- 4 -

15.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

16.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff.  This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i).  Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

17.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

18.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession,

custody or control of each item.  (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

19.

State the substance of each conversation you had with Plaintiff at any time.

20.

For the date of the incident that is the subject of this lawsuit, state the times when you went to work and the times you quit work on that date, and on each of the previous seven (7) days.

21.

Please state the make, year, weight and model of the vehicle you were driving at the time of the incident at issue, and please identify the last date preceding the accident on which the tires were replaced or repaired on the vehicle, and please identify if all mechanical repairs or services to the vehicle preceding the incident.

22.

Have you ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?  If yes, please provide the details regarding the suspension, cancellation, revocation or restrictions to said drivers license.

23.

Please state the factual basis for each defense that you assert in this action.

24.

If you contend that Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

25.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

26.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

27.

Please state in detail when, where and how you first observed Plaintiff on August 7, 2018, including each and every time you saw him and for how long.

28.

List all of your employment for the past ten (10) years, giving the name and address of each employment, the period of each employment and the general nature of the job.

29.

Have you received any traffic citation(s) other than parking tickets?  If your answer is yes, give the type of citation(s) you received, the date(s) you received it, the location (state and

county), the fine(s), if any, which was paid and state whether you pled guilty, *nolo contendere* or not guilty to each citation listed.

30.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

   a)   what each such item purports to show, illustrate or represent;

   b)   the date it was made or taken; and

   c)   the names and address of the person having custody of such item.

31.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence?  If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

32.

Please explain the circumstances under which you were operating the vehicle at issue on August 7, 2018, including your point of origin, your destination, the route chosen to reach the destination and the person who prepared the route, the times of dispatch, any stops made prior to arriving at your destination, the contents of your vehicle, and the total weight of the motor vehicle.

33.

Please identify the name and position or title of all employees, officers, managers, or agents of with whom you discussed the incident at issue, including the substance of the conversation or questioning, and the dates of the same.

34.

If you own, possess or use a cellular phone, please identify your cellular phone number, the company that provides service for the phone, and state whether you were talking, texting or otherwise using your cellular phone at or around the time of the subject collision.

35.

Please state whether, at the time of the collision, you had a PDA, radio or other communications device in your possession, and whether you were using said device(s) for any purpose at the time of the collision. Please provide the name and address of the phone service carrier, the telephone number assigned to said device(s), and identify the person in whose name the device(s) and account were registered at the time of the collision.

36.

State whether you or anyone on your behalf has ever had the Plaintiff under surveillance or obtained or taken any surveillance film(s) or digital images of the Plaintiff since the date of the incident herein to the time of trial. If so, state the date and time of each surveillance, and the name, current address and telephone number of the person doing each surveillance. For each such film or digital images, state the date on which the film or digital images were taken, the subject matter and activities depicted in the film, the total number of hours the Plaintiff was kept under surveillance, and the name, current address and telephone number of the person taking the film and the person having custody thereof (specifying which).

- 9 -

37.

Please state whether you have any social networking accounts (Facebook, Twitter, Instagram, etc.) and whether you or anyone else posted any details, facts, photographs or comments about any matter relevant to this lawsuit.

Respectfully submitted,

**MYKKELTVEDT & LOFTIN, LLC**

/s/ *Jeffrey N. Mykkeltvedt*
Jeffrey N. Mykkeltvedt
Georgia Bar No. 533510
Darrell T. Carver
Georgia Bar No. 115506
Attorney for Plaintiff

**MYKKELTVEDT & LOFTIN, LLC**
5229 Roswell Road, N.E.
Atlanta, Georgia 30342
Office: (404) 228-1550
Facsimile: (404) 228-5568
Email: jeff@ml-llc.com
         darrell@ml-llc.com

- 10 -

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLEF

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

COREY TAYLOR, )
 )
    Plaintiff, )       22-C-03037-S6
 ) CIVIL ACTION
    v. ) FILE NO.: _____
 )
 )
ASHLEY DISTRIBUTION SERVICES, LTD, )
ASHLEY DISTRIBUTION SERVICES )
HOLDINGS, INC., ASHLEY FURNITURE )
INDUSTRIES, LLC, ADAM WITZENS, )
ACE AMERICAN INSURANCE COMPANY )
and JOHN DOES 1-3, )
 )
    Defendants. )

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
TO DEFENDANTS ASHLEY DISTRIBUTION SERVICES, LTD, ASHLEY
DISTRIBUTION HOLDINGS, INC., ASHLEY FURNITURE INDUSTRIES, LLC**

TO:    DEFENDANT ASHLEY DISTRIBUTION SERVICES, LTD, ASHLEY
DISTRIBUTION SERVICES HOLDINGS, INC. AND/OR ASHLEY FURNITURE
INDUSTRIES, LLC.

    Plaintiff hereby requests pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, that

Defendant(s) respond to the following written interrogatories under oath within the time

permitted by law.  Each of the following interrogatories shall be deemed continuing and must be

supplemented by Defendant(s) to the extent required by O.C.G.A. § 9-11-26(e).

DEFINITIONS AND INSTRUCTIONS

    A.  These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A.

§ 9-11-26, *et seq.*, so as to require Defendant(s) to serve upon all parties supplemental answers if

Defendant(s) or its attorneys obtain further information between the time the answers are served

and the time of trial.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

## INTERROGATORIES

1.

Please identify the persons or entities who in any way owned the vehicle driven by Defendant Adam Witzens as referred to in the Complaint at the time of the incident involving Plaintiff.  If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

3.

Please state whether Defendant Witzens was acting within the course and scope of his employment with Defendant Ashley Distribution Services, Ltd (hereinafter "ADSL"), Ashley Distribution Services Holdings, Inc. ("ADSH"), and/or Ashley Furniture Industries, LLC ("AFI") at the time of the incident at issue and whether he was driving with the permission

and/or agency of ADSL, ADSH and/or AFI.  If you claim he was not acting within the course and scope of his employment and/or agency, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

5.

If the vehicle involved in the subject incident belongs to or is owned by someone other than this Defendant, please explain the circumstances under which the vehicle came into the possession of the operator, the purpose for which the vehicle was being used and its destination.

6.

If you have ever been a Defendant in a lawsuit involving personal injuries, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to

this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff.  This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i).  Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

- 4 -

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant Witzens has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the incident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.  (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

15.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant Witzens went to work and the times he quit work on that date, and on each of the seven (7) days prior to the incident which is the subject of Plaintiff's Complaint.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request was Defendant Witzens driving the vehicle at the time of the incident described in Plaintiff's Complaint.

18.

If Defendant Witzens has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Has Defendant Witzens ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?  If so, please provide all details regarding the suspension, cancellation, revocation or restriction, including the date of same and the authority issuing same.

20.

Please state the factual basis for each defense that you assert in this action.

21.

If you contend that Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

22.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this

judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

23.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

24.

Please identify all policies and procedures in effect to supervise and regulate drivers of Defendant to determine their ability to safely operate and maintain motor vehicles, such as the vehicle forming the basis of Plaintiff's Complaint.

25.

Did you make a determination as to whether this incident was preventable by or chargeable to Defendant Witzens?  If so, please state your determination and the reasons therefore.

26.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

27.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the

occurrence?  If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

28.

Please state by whom Defendant Witzens was given permission to operate the vehicle he was driving at the time of the incident at issue, on what date authorization was given, and by whom.

29.

Detail each and every arrangement or agreement between Defendant Witzens and ADSL, ADSH, AFI or any other individual or entity under which Defendant Witzens was performing services at the time of the subject incident.

30.

State the date and time of each and every inspection of the vehicle operated by Defendant Witzens prior to the incident at issue.  For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

31.

Please state whether Defendant Witzens received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

32.

Was Defendant Witzens given a drug and/or alcohol test following the collision at issue? If so, please identify the facility that performed the testing, the results of such testing, and identify all documents generated therefrom.

Respectfully submitted,

**MYKKELTVEDT & LOFTIN, LLC**

/s/ *Jeffrey N. Mykkeltvedt*
Jeffrey N. Mykkeltvedt
Georgia Bar No. 533510
Darrell T. Carver
Georgia Bar No. 115506
Attorney for Plaintiff

**MYKKELTVEDT & LOFTIN, LLC**
5229 Roswell Road, N.E.
Atlanta, Georgia 30342
Office: (404) 228-1550
Facsimile: (404) 228-5568
Email: jeff@ml-llc.com
        darrell@ml-llc.com

- 9 -

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**22-C-03037-S**
**6/1/2022 10:53 A**
TIANA P. GARNER, CLEF

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

COREY TAYLOR,                          )
                                       )
    Plaintiff,                     )
                                       )   CIVIL ACTION    22-C-03037-S6
    v.                             )   FILE NO.: _____
                                       )
                                       )
ASHLEY DISTRIBUTION SERVICES, LTD,     )
ASHLEY DISTRIBUTION SERVICES           )
HOLDINGS, INC., ASHLEY FURNITURE       )
INDUSTRIES, LLC, ADAM WITZENS,         )
ACE AMERICAN INSURANCE COMPANY         )
and JOHN DOES 1-3,                     )
                                       )
    Defendants.                    )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:    EACH DEFENDANT

    Pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., Plaintiff

hereby requests that the Defendant(s) respond as provided by law, with a copy of the responses

being served upon the undersigned counsel of record for the Plaintiff at Mykkeltvedt & Loftin,

LLC, 5229 Roswell Road, Atlanta, Georgia 30342.

## DEFINITIONS AND INSTRUCTIONS

    A. This request for production of documents and notice to produce shall be deemed

continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et

seq., so as to require Defendant(s) to serve or produce upon all parties supplemental answers or

documents if Defendant(s) or his/her attorneys obtain further information between the time the

answers are served and the time of trial. Plaintiff also requests that Defendant(s) produce the

originals of each document at trial and any deposition of Defendant(s) or its agents or employees.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.  If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E.  If you object to part of a request, please identify any documents withheld.  If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.  If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION

Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declarations sheet and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence. (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Adam Witzens.

8.

Please produce Adam Witzens' driver's qualification file.

9.

Please provide all maintenance and repair records on the vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the vehicle involved in the occurrence which is the subject matter of this civil action.)

10.

Each document submitted by you, or received from the police, the Federal Motor Carrier Safety Administration, Department of Transportation, or any law enforcement agency or other entity investigating this incident.

11.

All policies or procedures regarding the inspection and maintenance of your vehicle and any inspection records for the vehicle involved in the subject incident.

12.

Any and all documents in any way pertaining to Adam Witzen reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving Defendant Witzens, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

13.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant Witzens or the truck and trailer at issue.

14.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

15.

Copies of all company policies and procedures pertaining to the operation of motor vehicles and any policies and procedures that in anyway apply to, cover, or govern Adam Witzens' employment.

16.

Copies of all work orders, daily loads and/or work reports for June 19, 2020, as it relates to the driver, vehicle, or trip which is the subject of this incident.

17.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

18.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

19.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

20.

Please produce the certificate of title, and/or other proof of ownership, for the vehicle involved in the wreck that is the subject matter of this civil action.

21.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendant.

22.

Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

23.

Copies of any and all log books for Defendant Witzens for May and June, 2020.

24.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

25.

Any report, correspondence, memorandum or document prepared by any physician or other expert hired by you or your representatives to review and/or evaluate Plaintiff's injuries and damages.

26.

Please produce a copy of Defendant Bowman's cell phone records or bill which reflect any calls or texts made on June 19, 2020.

27.

Please produce any and all call logs, messages, letters, memoranda or other documents detailing any calls or complaints you have received from motorists or any other person regarding the Defendant driver at issue in this case. By way of example, and not limitation, if the tractor or trailer at issue displays a telephone number for motorists to call concerning the operation of the vehicle in question (a "How's my driving?" number), please produce any documents generated as a result of any calls or complaints received by Defendants.

28.

All documentation of the results of any electronic system that tracked the location of the Defendant's vehicle. This request includes, but is not limited to, tracking systems such as Omnitracs, Network Fleet, NetTrack and FleetTrax. Please identify the name of the tracking system and provide documentation of any information said system provided regarding your vehicle location, mileage driven, and vehicle speed on June 19, 2020.

29.

Please provide any "black box" data that was downloaded from your vehicle after the collision. Please include all parameters of black box data for the day of June 19, 2020, with

nothing omitted.  If said data has been overwritten, please indicate (a) when the data was

overwritten; and (b) what efforts were made to preserve said data prior to its destruction.

30.

Please provide a copy of any reports or memorandums made regarding any collisions

involving Adam Witzens while he was driving for Ashley Distribution Services, Ltd, Ashley

Distribution Services Holdings, Inc. and/or Ashley Furniture Industries, LLC.  Please include

documentation of when Witzens reported the collisions, as well as any training and/or discipline

that was conducted as a result of said collisions.

You are hereby requested to comply with said code section by producing and permitting

the Plaintiff's attorney to inspect and copy the documents requested.  In lieu of appearance at a

document production, you may instead mail true and accurate copies of all documents or

evidence to Mykkeltvedt & Loftin, P.C., 5229 Roswell Road, N.E., Atlanta, GA 30342.

Respectfully submitted,

**MYKKELTVEDT & LOFTIN, LLC**

/s/ *Jeffrey N. Mykkeltvedt*
Jeffrey N. Mykkeltvedt
Georgia Bar No. 533510
Darrell T. Carver
Georgia Bar No. 115506
Attorney for Plaintiff

**MYKKELTVEDT & LOFTIN, LLC**
5229 Roswell Road, N.E.
Atlanta, Georgia 30342
Office: (404) 228-1550
Facsimile: (404) 228-5568
Email: jeff@ml-llc.com
          darrell@ml-llc.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

**COREY TAYLOR,**

       Plaintiff,

v.

**ASHLEY DISTRIBUTION SERVICES, LTD,**
**ASHLEY DISTRIBUTION SERVICES**
**HOLDINGS, INC., ASHLEY FURNITURE**
**INDUSTRIES, LLC, ADAM WITZENS, ACE**
**AMERICAN INSURANCE COMPANY,**
and **JOHN DOES 1-3,**

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil File Action No.: 22-C-03037-S6

### ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Ashley Distribution Services, LTD ("ADS"), Ashley Distribution Services Holdings, Inc. ("ADSH"), Ashley Furniture Industries, LLC ("AFI"), Adam Witzens ("Witzens") and ACE American Insurance Company (hereinafter "ACE") (collectively "Defendants"), and file their Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

The sole proximate cause of Plaintiff's damage, if any he sustained, was as a result of the negligence of Plaintiff himself.

### THIRD DEFENSE

No act or omission on the part of Defendants either caused or contributed to any injury or damage Plaintiff may have sustained.

## FOURTH DEFENSE

The negligence of Plaintiff contributed proximately to his damage and he was not exercising ordinary care for his own safety at the time it is claimed he was damaged.

## FIFTH DEFENSE

Even if Defendants were negligent in the manner set out and charged in the Complaint, which alleged negligence is expressly denied, the negligence of Plaintiff was equal to or greater than any negligence charged against Defendants in such Complaint and the consequences of such negligence, if any in fact existed, could have been avoided had Plaintiff been in the exercise of ordinary care.

## SIXTH DEFENSE

Plaintiff's damages, if any, must be apportioned among all potentially responsible parties and non-parties pursuant to O.C.G.A. § 51-12-33 and Georgia law.

## SEVENTH DEFENSE

Defendants ADSH, AFI, and ACE are improper party defendants.

## EIGHTH DEFENSE

Venue is improperly laid in this Court.

## NINTH DEFENSE

ADSH raises the defenses of insufficiency of process and insufficiency of service of process.

## TENTH DEFENSE

Any award of punitive or exemplary damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Georgia and the Constitution of the United States of America.

2

## ELEVENTH DEFENSE

Any award of punitive or exemplary damages to Plaintiff in this case is arbitrary, unreasonable, excessive and fundamentally unfair, vague and not rationally related to legitimate government interests in violation of Defendants' right to due process and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and under the Constitution of the State of Georgia.

## TWELFTH DEFENSE

Any award of punitive damages would be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States and the Constitution of the State of Georgia in that punitive damages are penal in nature and consequently, Defendants are entitled to the same procedural safeguards as accorded to criminal defendants.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages in any amount or in the amount sought in the Complaint under O.C.G.A. § 51-12-5.1.

## FOURTEENTH DEFENSE

There is or may be a lack of jurisdiction over the person of one or more Defendants.

## FIFTEENTH

Defendants' investigation and discovery are continuing and Defendants reserve the right to assert any affirmative defenses, additional defenses, claims, and denials as maybe disclosed during the course of additional investigation and discovery.

## SIXTEENTH DEFENSE

Responding to the numbered paragraphs of Plaintiff's Complaint, Defendants show the Court the following:

1.

Responding to the allegations of Paragraph One (1) of Plaintiff's Complaint, it is admitted that ADS is a foreign corporation, is subject to the jurisdiction of this court, may be served through its registered agent. The remaining allegations of Paragraph One (1) of Plaintiff's Complaint are denied.

2.

Responding to the allegations of Paragraph Two (2) of Plaintiff's Complaint, it is admitted that ADSH is a foreign corporation and may be served through its registered agent. The remaining allegations of Paragraph Two (2) of Plaintiff's Complaint are denied, and Defendants deny that ADSH is a proper party defendant.

3.

Responding to the allegations of Paragraph Three (3) of Plaintiff's Complaint, it is admitted that AFI is a foreign corporation and may be served through its registered agent. The remaining allegations of Paragraph Three (3) of Plaintiff's Complaint are denied, and Defendants deny that AFI is a proper party defendant.

4.

Responding to the allegations of Paragraph Four (4) of Plaintiff's Complaint, it is admitted that Witzens is a Tennessee resident and citizen and may be served at his residence. The remaining allegations of Paragraph Four (4) of Plaintiff's Complaint are denied.

5.

Responding to the allegations of Paragraph Five (5) of Plaintiff's Complaint, it is admitted that ACE issued policy number ISA H25289407 and that said policy was in effect on June 19, 2020. It is further admitted that service may be made upon ACE's registered agent, and that jurisdiction is proper as to ACE. The remaining allegations of Paragraph Five (5) of Plaintiff's Complaint are denied, and Defendants deny that ACE is a proper party defendant.

6.

The allegations of Paragraph Six (6) of Plaintiff's Complaint are denied.

7.

Responding to the allegations of Paragraph Seven (7) of Plaintiff's Complaint, it is admitted that Witzens was an employee of ADS and was acting within the course and scope of his employment at the time of the incident which is the subject of the Complaint. The remaining allegations of Paragraph Seven (7) of Plaintiff's Complaint are denied.

8.

The allegations of Paragraph Eight (8) of Plaintiff's Complaint are denied.

9.

Responding to the allegations of Paragraph Nine (9) of Plaintiff's Complaint, it is admitted that on or about June 19, 2020, Witzens was operating an ADS tractor trailer east on Flat Shoals Road in Conyers, Georgia. The remaining allegations of Paragraph Nine (9) of Plaintiff's Complaint are denied.

10.

The allegations of Paragraph Ten (10) of Plaintiff's Complaint are denied.

11.

The allegations of Paragraph Eleven (11) of Plaintiff's Complaint are denied.

12.

The allegations of Paragraph Twelve (12) of Plaintiff's Complaint are denied.

13.

The allegations of Paragraph Thirteen (13) of Plaintiff's Complaint are denied.

14.

The allegations of Paragraph Fourteen (14) of Plaintiff's Complaint are denied.

15.

The allegations of Paragraph Fifteen (15) of Plaintiff's Complaint are denied.

16.

Responding to the allegations of Paragraph Sixteen (16) of Plaintiff's Complaint, it is admitted that at the time of the incident which is the subject of the Complaint, Witzens was acting in the course and scope of his employment with ADS. The remaining allegations of Paragraph Sixteen (16) of Plaintiff's Complaint are denied.

17.

The allegations of Paragraph Seventeen (17) of Plaintiff's Complaint are denied.

18.

The allegations of Paragraph Eighteen (18) of Plaintiff's Complaint are denied.

19.

The allegations of Paragraph Nineteen (19) of Plaintiff's Complaint are denied.

20.

The allegations of Paragraph Twenty (20) of Plaintiff's Complaint are denied.

21.

The allegations of Paragraph Twenty-One (21) of Plaintiff's Complaint are denied.

22.

The allegations of Paragraph Twenty-Two (22) of Plaintiff's Complaint are denied.

23.

The allegations of Paragraph Twenty-Three (23) of Plaintiff's Complaint are denied.

24.

The allegations of Paragraph Twenty-Four (24) of Plaintiff's Complaint are denied.

25.

The allegations of Paragraph Twenty-Five (25) of Plaintiff's Complaint are denied.

26.

The allegations of Paragraph Twenty-Six (26) of Plaintiff's Complaint are denied.

27.

The allegations of Paragraph Twenty-Seven (27) of Plaintiff's Complaint are denied.

28.

The allegations of Paragraph Twenty-Eight (28) of Plaintiff's Complaint, and each of its subparts, are denied.

29.

The allegations of Paragraph Twenty-Nine (29) of Plaintiff's Complaint are denied.

30.

The allegations of Paragraph Thirty (30) of Plaintiff's Complaint are denied.

The unnumbered "WHEREFORE" paragraph of Plaintiff's Complaint, and each of its subparts, are denied. Any and all allegations of Plaintiff's Complaint not specifically responded to herein are denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants demand judgment in their favor, with all costs of this action being assessed against Plaintiff.


This 1st day of July, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588– fax
wmajor@hpylaw.com
dwilson@hpylaw.com

*s/David H. Wilson*

William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
ATTORNEYS FOR DEFENDANTS

8

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

COREY TAYLOR,

  Plaintiff,

v.

ASHLEY DISTRIBUTION SERVICES, LTD,
ASHLEY DISTRIBUTION SERVICES
HOLDINGS, INC., ASHLEY FURNITURE
INDUSTRIES, LLC, ADAM WITZENS, ACE
AMERICAN INSURANCE COMPANY,
and JOHN DOES 1-3,

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil File Action No.: 22-C-03037-S6

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that I have this day served a copy of the foregoing *Defendants'*

*Answer to Plaintiff's Complaint* by electronic filing and by depositing a copy of the same in the

United States Mail in a properly addressed envelope with adequate postage affixed thereon

addressed to:

      Jeffery N. Mykkeltvedt, Esq.
      Darrell T. Carver, Esq.
      Mykkeltvedt & Loftin, LLC
      5229 Roswell Road, N.E.
      Atlanta, GA 30342

  This 1st day of July, 2022.

        HAWKINS PARNELL & YOUNG, LLP

303 Peachtree St., N.E.
Suite 4000
Atlanta, GA 30308-3243
Phone: (404) 614-7400
Fax:  (855) 889-4588
wmajor@hpylaw.com
dwilson@hpylaw.com

    *s/David H. Wilson*
    _____
    William H. Major, III
    Georgia Bar No. 466750
    David H. Wilson
    Georgia Bar No. 767774
    Attorneys for Defendants